# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS R. DORAME, JR.,
        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
DE-0845-15-0123-I-1

DATE: September 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Thomas R. Dorame, Jr., Tucson, Arizona, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a request to reopen an initial decision, which dismissed his Federal Employees' Retirement System (FERS) disability retirement annuity overpayment appeal for failure to prosecute. For the reasons set forth below, we treat the appellant's request as an untimely petition for

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, and DISMISS the petition as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant filed a Board appeal challenging the Office of Personnel Management's (OPM's) reconsideration decision, which found that he had received an overpayment of FERS disability retirement annuity benefits.  Initial Appeal File (IAF), Tab 1 at 5, Tab 6 at 5-8.  On April 2, 2015, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute, based on the appellant's failure to appear for two telephonic status conferences and to respond to an order to show cause why his appeal should not be dismissed.  IAF, Tab 9, Initial Decision (ID); *see also* IAF, Tabs 7-8.  The administrative judge advised the appellant that the initial decision would become final on May 7, 2015, unless he filed a petition for review by that date.  ID at 3.  The certificate of service demonstrates that the initial decision was electronically served on the appellant, who was an e-filer, on April 2, 2015.  IAF, Tab 1 at 2, Tab 10.

¶3        On June 24, 2015, the appellant requested to reopen his appeal, claiming that he had called in for the two telephonic status conferences, but had been placed on hold for 20 minutes each time.  Petition for Review (PFR) File, Tab 1 at 3.

¶4        By notice dated June 25, 2015, the Clerk of the Board informed the appellant that the Board could not reopen his appeal based upon his June 24, 2015 submission, because the initial decision did not dismiss his appeal without prejudice.  PFR File, Tab 2 at 1.  The Clerk notified the appellant that the Board considered his filing to be a petition for review, which appeared to be untimely, and invited him to file a motion to accept the filing as timely or to waive the time limit for good cause, enclosing a form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit."  *Id*. at 1-2, 7-8.  The

Clerk's notice afforded the appellant until July 10, 2015, to file that motion. *Id.* at 2.

¶5 The appellant has not responded to the Clerk's notice. The agency has filed a response to the petition for review, requesting that the Board dismiss the petition for review as untimely filed. PFR File, Tab 4 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009). Further, the Board generally does not reopen a case under its own regulations to cure the untimeliness of a petition for review. *Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 4 (2006). We discern no reason to depart from these rules in this case, and, accordingly, the appellant's submission will be treated as an untimely filed petition for review.

¶7 A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that the appellant received the initial decision. 5 C.F.R. § 1201.114(e). As an e-filer, the appellant is deemed to have received the initial decision on the date it was issued. 5 C.F.R. § 1201.14(m)(2). Accordingly, the appellant's June 24, 2015 petition for review, which was due no later than May 7, 2015, was untimely by 48 days. *See* ID at 3.

¶8 The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, the appellant must demonstrate that he exercised due diligence or ordinary prudence under the particular circumstances of his case. *See Alonzo v. Department of the Air*

*Force*, 4 M.S.P.R. 180, 184 (1980) (setting forth this rule in the context of filing an initial appeal).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9  Applying these factors, we find that the appellant has not shown good cause for his filing delay.  Notwithstanding the appellant's pro se status, his 48-day delay in filing a petition for review was significant.  *See Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a delay of more than 1 month to be significant, despite an appellant's pro se status).  The Clerk notified the appellant of his need to establish good cause for the untimely filing and provided the appellant a blank copy of a form motion to complete in order to satisfy the requirement.  PFR File, Tab 2 at 1-2, 7-8.  The appellant, however, failed to respond to the Clerk's notice and did not otherwise attempt to explain the delay in filing his petition for review.  *See* PFR File, Tab 1.  Therefore, the appellant has set forth no grounds for finding good cause for a waiver of the filing deadline.  *See Bell v. Department of Homeland Security,* 112 M.S.P.R. 33, ¶ 8 (2009) (dismissing a petition for review as untimely filed because a pro se appellant failed to respond to the Clerk's order on timeliness or otherwise demonstrate good cause for the delay).  Finally, the appellant's arguments regarding the merits of the initial decision dismissing his appeal for failure to prosecute do not establish good cause for his untimely filing.  *See* PFR File, Tab 1 at 3; *see also Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (arguments regarding the merits of a case do not establish good cause for an untimely filed petition for review).

¶10     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal for failure to prosecute.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:  _____
William D. Spencer
Clerk of the Board

Washington, D.C.